UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION
RYNIYAH CAROLINA,
Plaintiff,
v.
CITY OF LA MARQUE, TEXAS; CITY OF GALVESTON, TEXAS; GALVESTON COUNTY DISTRICT ATTORNEY'S OFFICE; GALVESTON COUNTY INDIGENT DEFENSE OFFICE; BYRON FRANKLAND (La Marque Police Chief, Individual Capacity); JOE COMPIAN (La Marque Mayor Pro Tem, Individual Capacity); FELIX ORTEGA (Individual Capacity); DAZ FULTON (SISTER) (Individual Capacity); DENARIUS BRYANT (BROTHER)(Individual Capacity); MARILYN KHEENARI (Individual Capacity); AND UNKNOWN LA MARQUE & GALVESTON POLICE OFFICERS (Individual Capacity),

United States Courts
Southern District of Texas
FILED

AUG 27 2026

Nathan Ochsner, Clerk of Court

Defendants.
CASE NO: ____________________

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

I. JURISDICTION & VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is grounded under 28 U.S.C. § 1331 (Federal Question).

2. Venue is proper in the Galveston Division under 28 U.S.C. § 1391(b) because all material events, constitutional deprivations, conspiracies, and unlawful acts occurred within La Marque and Galveston, Texas.

II. PARTIES

3. Plaintiff: Ryniyah Carolina is a 21-year-old resident of the State of Texas, currently residing in Houston, Texas.

4. Municipal Defendants: The City of La Marque and the City of Galveston are political subdivisions of the State of Texas responsible for the policies, customs, training, and actions of their respective police departments.

5. County Defendants: The Galveston County District Attorney's Office and the Galveston County Indigent Defense Office are institutional arms of Galveston County government responsible for prosecutorial actions and the constitutional provision of defense counsel.

6. Command/Official Defendants: Chief Byron Frankland (Chief of La Marque Police) and Joe Compian (Mayor Pro Tem, Council District B) are sued in their individual capacities for using their official power under color of law to orchestrate, permit, and oversee a retaliatory campaign of stalking and malicious prosecution.

7. Private Individual Co-Conspirators: Felix Ortega (local businessman), the sister of Daz Fulton (initial caller / witness), the brother Denarius Bryant (Victim / Aggressor), and their adopted mother Marilyn Kheerani are sued in their individual capacities under Section 1983 for willfully conspiring, aligning, and acting in concert with state actors to violate Plaintiff's civil rights.

8. Officer Defendants: The individual, unnamed La Marque officers involved in the coordinated stalking, setups, and arrest are sued in their individual capacities.

III. STATEMENT OF FACTS

The Initial Neighborhood Setup (February 2026)

9. From November 2025 until late February 2026, Plaintiff Ryniyah Carolina established residency and resided at the home of two sibling witnesses (a brother and sister) located on Second Street / Bayou Road in La Marque, Texas. Plaintiff's brother had previously resided at this

location for five years.

10. On December 11, 2025, the victim/brother burned a dress belonging to Plaintiff outside in the yard of their home, and conflict began to arise thereafter.

11. On February 7, 2026, tensions arose when the witness brother began displaying erratic, aggressive, and threatening behavior inside the house over a television belonging to Plaintiff's brother. On February 8, 2026, the plaintiff brother took the television.

12. Between February 24 and February 26, 2026, an escalation occurred while Plaintiff was resting inside a vehicle outside the home. The victim/brother came out kicking Plaintiff and his sister out of the home. Plaintiff ignored the aggression.

13. Shortly thereafter, the initial caller/sister observed her brother going through Plaintiff's personal belongings. When Plaintiff spoke out against this, the witness sister retreated into the home and called their adopted mother, who was away at work.

14. The adopted mother asked Plaintiff to leave the property even after Plaintiff had been in the car outside for hours, so her son could calm down, acknowledging his hostile state.

15. Following this exchange, the sister unlawfully entered Plaintiff's brother's vehicle, removed his personal firearm, carried it inside the house, and placed a fraudulent, manufactured emergency call to the police to frame Plaintiff.

The Businessman, the Lockout, and Highway Assault (March 2026)

16. Plaintiff had previously met Defendant Felix Ortega (a local businessman) in late December 2025. Following the structural displacement at the siblings' home, Plaintiff resided at 320 Bayou Road (Enis Tire Shop) with the explicit permission of Felix Ortega from February 26 to March 11, 2026, establishing residency through the continuous use of shop utilities.

17. On March 11, 2026, Defendant Ortega bypassed all legal eviction procedures required by Texas law. Utilizing a third party and local La Marque police officers acting under color of law, Ortega executed an illegal lockout and issued a summary criminal trespass warning against Plaintiff.

18. From March 15 to March 27, 2026, Defendant Ortega engaged in an aggressive, high-speed vehicle chase targeting Plaintiff, followed by unlawful surveillance conducted by the La Marque Police.

The Protected Retaliation and Whistleblower Actions (April–May 2026)

19. On April 8, 2026, a fraudulent seven-year relationship lie fabricated by Ortega was exposed.

20. On April 17, 2026, upon returning to La Marque from a temporary stay in Houston, Plaintiff observed Defendant Ortega stationed at a local gas station. Ortega actively surveilled Plaintiff as she exited the station and engaged in vehicular stalking, trailing Plaintiff directly toward her residential road under the cover of local police presence.

21. On April 21, 2026, Plaintiff transmitted a comprehensive "Big Pack" evidentiary file detailing this corruption via email directly to the City of La Marque, and subsequently filed a lawsuit against the businessman, followed by a lawsuit against his daughter on May 26, 2026.

22. On April 27, 2026, Felix Ortega was formally served with a civil lawsuit initiated by Plaintiff. To evade federal and state court jurisdiction, Ortega or a designated associate committed criminal forgery by falsifying his daughter's signature on the official Return of Service.

23. On April 28 and April 29, 2026, Plaintiff attended public La Marque City Council meetings to document the corruption. Plaintiff observed Mayor Pro Tem Joe Compian and Police Chief Byron Frankland exhibiting severe nervous distress, pacing, coughing, and staring aggressively at Plaintiff and her "Pink Journal" trial notes.

24. On April 30, 2026, less than 24 hours after Plaintiff confronted city leadership, the public court record and citation for Felix Ortega was manually erased and deleted from the Galveston County court portal.

25. Concurrently, local police escalated their tactics to include midnight psychological warfare. La Marque police cruisers conducted tactical "sweeps" of Plaintiff's immediate location, followed precisely by Defendant Ortega creeping directly at Plaintiff's windows.

26. On May 1, 2026, Plaintiff exercised her protected First Amendment rights by

reporting the public corruption, stalking, and color-of-law violations to the Texas Rangers.

27. On May 28, 2026, Plaintiff officially moved to Houston permanently.

Fabricated Criminal Charges and Total Denial of Counsel (June–August 2026)

28. On June 5, 2026, and once more on June 17, 2026, the Office of the Texas Attorney General (OAG) officially flagged the City of La Marque regarding systemic policy violations and the crime victims portal.

29. On June 9, 2026, Plaintiff sent Galveston County her court-appointed application for a lawyer, which was completely ignored.

30. On June 18, 2026—exactly one day after the OAG flags and nearly four months after the initial February incident—La Marque and Galveston authorities officially filed fraudulent, fabricated criminal charges against Plaintiff directly after hiring Olson and Olson for the City of La Marque. These delayed charges were filed as a direct, retaliatory conspiracy to silence Plaintiff for her civil lawsuits, her City Council attendance, and her reports to the Texas Rangers.

IV. LEGAL CLAIMS (CAUSES OF ACTION)

COUNT I: First Amendment Retaliation (42 U.S.C. § 1983)

(Against Defendants City of La Marque, Chief Frankland, and Mayor Pro Tem Compian)

31. Plaintiff re-alleges and incorporates all facts stated above.

32. Plaintiff engaged in constitutionally protected speech and activity under the First Amendment by attending public City Council meetings, filing civil lawsuits, and reporting government misconduct to the Texas Rangers.

33. Defendants took adverse, retaliatory actions against Plaintiff designed to chill her speech, including tactical surveillance, deleting public court data, and instigating criminal charges.

34. Plaintiff's protected First Amendment activity was the direct, motivating factor behind the defendants' adverse actions.

COUNT II: Fourth Amendment Malicious Prosecution & Unlawful Seizure (42 U.S.C. § 1983)

(Against Defendants City of La Marque, Chief Frankland, and Unknown Officers)

35. Plaintiff re-alleges and incorporates all facts stated above.

36. Defendants initiated and maintained a fraudulent criminal prosecution against Plaintiff without any legal probable cause.

37. The defendants acted with malice, fabricating records and timing the charges to serve as retaliation.

38. The criminal infrastructure terminated entirely in Plaintiff's favor when all charges were dropped, resulting in a direct violation of Plaintiff's liberty interests under the Fourth Amendment.

COUNT III: Denial of the Sixth Amendment Right to Counsel (42 U.S.C. § 1983)

(Against Galveston County Indigent Defense Office and Galveston County DA's Office)

39. Plaintiff re-alleges and incorporates all facts stated above.

40. Plaintiff formally submitted an application requesting her constitutional right to counsel during criminal proceedings on June 9, 2026.

41. Defendants intentionally ignored, delayed, and denied Plaintiff access to counsel during critical stages of her criminal processing, violating her rights under the Sixth and Fourteenth Amendments.

COUNT IV: Civil Conspiracy under Color of Law (42 U.S.C. § 1983)

(Against All Private Individual Defendants: Ortega, Fulton ,Bryant, Kheerani)

42. Plaintiff re-alleges and incorporates all facts stated above.

43. The private individual defendants reached an explicit "meeting of the minds" and agreed to work in active concert with La Marque city officials and police officers.

44. Private defendants took overt, unlawful acts—including fabricating emergency emergency lines, orchestrating lockouts, and forging court service papers—with the shared goal of weaponizing state power to violate Plaintiff's civil rights.

COUNT V: Municipal Liability / Monell Claim (42 U.S.C. § 1983)

(Against City of La Marque and City of Galveston)

45. Plaintiff re-alleges and incorporates all facts stated above.

46. The constitutional violations suffered by Plaintiff were the direct result of unwritten customs, policies, and practices maintained by city leadership that tolerate whistleblower retaliation, phone hacking, and a

total failure to train officers on handling constitutional requests for counsel.

V. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court enter judgment against Defendants and grant the following relief:

1. Compensatory Damages: For emotional distress, psychological trauma, severe reputational harm, and financial losses in an amount to be determined at trial by a jury.
2. Punitive Damages: Against the individual defendants in their individual capacities for their malicious, bad-faith, and reckless disregard of clearly established federal constitutional law.
3. Declaratory Judgment: Entering a formal declaration that the actions of all named defendants violated the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.
4. Any other relief the Court deems just, proper, and equitable.

VI. JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims and issues so triable under the law.

Respectfully submitted,

Ryniyah Carolina, Pro Se
3412 Beulah St Houston Texas 77004
346-369-8745
JanaeCarolina2@gmail.com

# UNITED STATES DISTRICT COURT

for the

District of

Galveston

Division

Kyniyah Carolina

Plaintiff(s)

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

City of La Marque, Et al.

Defendant(s)

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case No. ________________

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☐ Yes ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non–Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

See Attached Parties 3 Statement NEXT PAGE

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Ryniyah Carolina |
| Address | 3412 Beulah St |
| | Houston (City) Texas (State) 77004 (Zip Code) |
| County | Harris County |
| Telephone Number | 346-369-8745 |
| E-Mail Address | JanaeCarolina2@gmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Address | |
| | City State Zip Code |
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity ☐ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Address | |
| | City State Zip Code |
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity ☐ Official capacity

Defendant No. 3

Name ______

Job or Title *(if known)* ______

Address ______

______ City ______ State ______ Zip Code

County ______

Telephone Number ______

E-Mail Address *(if known)* ______

☐ Individual capacity ☐ Official capacity

Defendant No. 4

Name ______

Job or Title *(if known)* ______

Address ______

______ City ______ State ______ Zip Code

County ______

Telephone Number ______

E-Mail Address *(if known)* ______

☐ Individual capacity ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Goverment Conspiracy - 1st admendment, 4th admendment
Municaple Liabity (Monell) 6th admendment (malicous) conspiracy under color of Law

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

B. What date and approximate time did the events giving rise to your claim(s) occur?

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: August 25 2026

Signature of Plaintiff [signature]

Printed Name of Plaintiff Rynyah Carolina

### B. For Attorneys

Date of signing: ______________

Signature of Attorney ______________

Printed Name of Attorney ______________

Bar Number ______________

Name of Law Firm ______________

Address ______________

______________ *City* ______ *State* ______ *Zip Code*

Telephone Number ______________

E-mail Address ______________