United States District Court
Southern District of Texas
**ENTERED**
September 09, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| RYNIYAH CAROLINA, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00290 |
| | § | |
| CITY OF LA MARQUE, TEXAS, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before me is an application to proceed in district court without prepaying fees and costs. *See* Dkt. 2. "The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute "allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating, *inter alia,* that he is unable to pay the costs of the lawsuit." *Id.* Because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," *id.*, federal courts are authorized to dismiss a claim filed *in forma pauperis* "at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

"In order to preclude fraudulent or careless motions of poverty, the applicant moving for in forma pauperis status should state with some particularity, definiteness and certainty the facts as to his poverty." *Dreyer v. Jalet*, 349 F. Supp. 452, 459 (S.D. Tex. 1972), *aff'd*, 479 F.2d 1044 (5th Cir. 1973) (quotation omitted). "Further, when the totality of the circumstances involved are weighed against the applicant's statement of poverty, and the result suggests incongruity, the Court

may go beyond the mere statement of income and inquire into additional relevant matters including the applicant's earning capacity and ability." *Id.*

In the instant application, Plaintiff claims that she has no income, no cash or savings, no assets, and no regular monthly expenses. "It undeniably costs money to live. So it is simply hard to believe that [Plaintiff] . . . subsists on zero income, zero savings, and [zero] asset[s]." *Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346 (S.D. Ga. 2013). "Wary of such claims and cognizant of how easy one may consume a public resource with no financial skin in the game, [courts have] demanded supplemental information from dubious IFP movants." *Id.*

Plaintiff must eat to live. At a minimum, Plaintiff must account for her basic subsistence before I will consider her IFP application. Accordingly, Plaintiff is ordered to file an amended IFP application by Wednesday, September 23, 2026.

SIGNED this 9th day of September 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE