United States District Court
Southern District of Texas
**ENTERED**
October 26, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| RYNIYAH CAROLINA, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00290 |
| | § | |
| CITY OF LA MARQUE, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## OPINION AND ORDER

All pretrial matters in this case have been referred to me. *See* Dkt. 6. On October 20, 2026, Plaintiff Ryniyah Carolina filed two related motions. First, Carolina seeks leave, due to financial hardship, to serve the pro se defendants in this case via email with all filings after the original complaint. *See* Dkt. 35. Alternatively, Carolina requests an order directing the marshal or clerk of court to serve all her post-complaint filings upon the pro se defendants in this matter. *See* Dkt. 36. Both requests are denied. Additionally, I must address the returns of service that the marshal has recently filed as unexecuted.

## REQUEST TO SERVE VIA E-MAIL

The Federal Rules of Civil Procedure do not permit service via email unless the individual being served is a registered user of the court's electronic-filing system *or* the person has consented to such service in writing. *See* Fed. R. Civ. P. 5(b)(2)(E)–(F). This district does not permit non-attorneys to register with its electronic-filing system, but it has recently permitted self-represented litigants to consent to electronic service. *See* Dkt. 5 at 4–6. The option to provide written consent to electronic service is just that, however, optional. The court cannot force a party to accept service via email in contravention of Rule 5.[1] Even if the court could authorize service via email without

[1] Rule 4 governs the commencement of an action and the service of process. Rule 5 governs service of "a pleading filed after the original complaint." Fed. R. Civ. P. 5(a)(1)(B).

written consent, there are several additional reasons why such an order would be inappropriate in this case.

Not all defendants have appeared, and Carolina does not identify who the pro se defendants are. Carolina has not supplied an email address for any defendant that she wishes to serve by email. Nor has Carolina offered information suggesting why a given email address belongs to a given defendant, that the defendant is the primary user of the email address, that the defendant regularly checks the email address, and that service via such an email address is reasonably calculated to provide notice to the defendant. For all these reasons, Carolina's request to serve the pro se defendants in this case by email (Dkt. 35) is **DENIED**.

**REQUEST FOR COURT TO SERVE ALL FILINGS**

Carolina next requests that the marshal or clerk of court serve all her post-complaint filings on the pro se defendants in this matter. Carolina believes that her IFP status entitles her to such service because 28 U.S.C. § 1915(d) states: "The officers of the court shall issue and serve all process, and perform all duties in such cases." The term "process" refers to a "summons or writ, esp. to appear or respond in court." *Process*, Black's Law Dictionary (12th ed. 2024). "Process" refers only to the initial documentation that commands someone to appear before the court. "Process" does not include all court filings. Hence, Rule 4 governs the service of process (i.e., the summons) while Rule 5 governs all subsequent service.

"The Supreme Court has held that 'expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress.'" *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995) (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976)). The plain language of § 1915(d) does not provide for government-funded service of all court filings. *See F.T.C. v. Lalonde*, 545 F. App'x. 825, 833 (11th Cir. 2013) (holding that § 1915 does not authorize public funds for "copies of documents" or "postage"). Because Congress has not authorized the expenditure of public funds for ordinary service obligations, Carolina's request for an order directing the marshal or clerk of court to serve all her filings upon the pro se defendants in this matter (Dkt. 36) is **DENIED**.

## UNEXECUTED RETURNS

The marshal has recently filed several returns of service as unexecuted. *See* Dkts. 20, 22, 26, 27, 33, 34. The Fifth Circuit has held that "a plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Where, however, "the failure of the Marshal's Service to properly serve [a defendant] was due to any dilatoriness or fault on the part of [the plaintiff,]" a district court may properly dismiss a plaintiff's claims against that defendant. *Id.* "At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Id.*

Carolina must request a new summons for defendants Daz Fulton and the Galveston County Indigent Defense Office. **Failure to request a new summons for Fulton or the Galveston County Indigent Defense Office before Wednesday, November 25, 2026, *will* result in dismissal of Carolina's claims against that defendant without prejudice for failure to timely serve.** *See* Fed. R. Civ. P. 4(m).

As for the Jane Doe and the unknown La Marque and Galveston Police officers, Carolina is reminded that she must diligently attempt to identify and serve these defendants. Once other defendants have appeared, Carolina must attempt to ascertain these individuals' identities through discovery and ensure timely service upon them. *See Colle v. Brazos County*, 981 F.2d 237, 242–43 (5th Cir. 1993).

SIGNED this 26th day of October 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE